```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**CORNELL F. DAYE**,

      **Plaintiff**,

v.                                            Case No. 2:09-cv-00167

**Division of Corrections Defendants:**
**JIM RUBENSTEIN**, Commissioner,
**CHARLENE SOTAK**, Inmate Grievance
Coordinator,

**Mount Olive Correctional Complex Defendants:**
**DAVID BALLARD**, Warden,
**JANET PAYNE**, Acting Unit Manager, Elm Hall,
**OLIVIA DELUNG**, Case Supervisor, Elm Hall,

**Board of Education Employee/DOC Staff,**
**KATHRYN TOLER**, Lead Techer,

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 24, 2009, Plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC") filed a complaint (docket # 1) alleging that the named defendants violated his civil rights. His complaint has three counts: breach of a duty to protect, retaliatory treatment for filing request or grievances, and libel. Plaintiff seeks a declaratory judgment, a preliminary injunction, compensatory damages and punitive damages. Plaintiff attached various documents, labeled "Appendix ___," to his complaint.

Pending before the court are the defendants' motion to dismiss

(# 14), and supplemental motion to dismiss (# 18). Plaintiff filed a response (## 27, 28), and the defendants filed a reply (## 31, 32).

## Standard of Review

In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombley*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombley*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

>   for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
>   In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## Allegations of the Complaint

After a lengthy and detailed recital of facts, in which Plaintiff sets forth his disagreement with prison officials concerning the accuracy of the contents of his prison file, Plaintiff's statement of his claim in count one, breach of duty to protect, is as follows:

>   48.  The Defendants named in this complaint exercised deliberate indifference to Plaintiff's liberty interest, and in providing his prisoner treatment programs in violation of the United States Constitution, the Administrative Procedures Act, West Virginia Code and the laws of the United States, by failing to protect Plaintiff's constitutional rights to redress his grievances, to face his accusers, and to due process of law and equal protection of the law. * * *
>
>   49.  As a result of the deliberate indifference exercised by the aforementioned Defendants named herein, Plaintiff did suffer and continues to suffer a continuing threat to his classification, prisoner treatment, and his liberty interest, in that, Defendants failed to correct the aforesaid clear errors when the same had been brought to their attention. * * *

(# 1, at 14.) His claim for retaliatory treatment, count two, reads:

3

> 52. Defendant # 6, Kathryn Toler, did and continues to engage in overt aggressive tactics calculated to intimidate, oppress, harass, or otherwise create a hostile work environment for the purpose of forcing Plaintiff to quit his employment as a teacher's assistant, or fire him.
>
> 53. Defendant # 6, Kathryn Toler, did make the aforesaid overt acts against Plaintiff directly after Plaintiff questioned her conduct in person, and later filed a grievance concerning information supplied by her office which was inaccurate that had been placed in Plaintiff's prison file. These acts by Defendant # 6 has created a hostile work environment for Plaintiff. Moreover, the above stated acts by Defendant # 6, Kathryn Toler, represent a continuing pattern of events demonstrating intentional retaliation against Plaintiff for his exercise of a legitimate constitutional right to redress grievances in the United States Judicial System. * * *

Id. at 15-16. His third count, for libel, alleges the following:

> 55. Defendant # 5, Olivia Delung, did compile, transmit, locate, deliver, or otherwise publish a document [Plaintiff's IRPP form (see, Appendix D)] by placing the same in Plaintiff's inmate file, which used language against Plaintiff's character, that he had refused and that he was non-compliant in participating in institutional programs at Mount Olive Correctional Complex, when said words and insults were derogatory in nature and w[]ere known by Defendant # 5 to be false and misleading.
>
> 56. Defendant # 5, Olivia Delung, published the aforementioned, knowingly false, information to the records department at Mount Olive, in Plaintiff's inmate file, which is accessed by all staff at Mount Olive, and to the institutional computer network system [IMIS] which is accessible through the internet. * * *
>
> 57. Because Defendant # 5 published said information in an attempt to disgrace Plaintiff, despite clear evidence that her publication was false, Plaintiff believes Defendant # 5 is liable for the state tort of libel.

Id. at 16-17.

4

Defendants' motion to dismiss, as supplemented, raises nine grounds for dismissal.

### West Virginia Code § 55-17-1 *et seq.*

Defendants claim that this case should be dismissed because Plaintiff failed to give the State the 30 days notice of his claim as required by the statute. (# 15, at 2.) The West Virginia statute addressing procedures for certain actions on behalf of or against the State of West Virginia, W. Va. Code § 55-17-1 *et seq.*, applies to actions "instituted against a governmental agency in a circuit court or in the supreme court of appeals." W. Va. Code § 55-17-2(1). This case was instituted in this court, and the statute does not apply.

The undersigned proposes that the presiding District Judge **FIND** that this case is not subject to the 30 days notice requirement.

### Official Capacities

The Supreme Court, reading 42 U.S.C. § 1983 in conjunction with the Eleventh Amendment, ruled in Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), that except for injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." A state official sued in his individual capacity is not protected by the Eleventh Amendment and is a "person" under § 1983. Hafer v. Melo, 502 U.S. 21, 31 (1991).

5

The undersigned proposes that the presiding District Judge **FIND** that defendants Rubenstein, Sotak, Ballard, Payne, Delung and Toler in their official capacities with respect to compensatory relief are not "persons" under § 1983.

**Individual Capacities - Qualified Immunity**

The Supreme Court has established a two-step process for evaluating whether a defendant is entitled to qualified immunity. A court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If the allegations do not give rise to a constitutional violation, no further inquiry is necessary. Id. If, on the other hand, a violation can be shown, then the court must determine whether the right was clearly established in the specific context of the case. Id.

Taking the allegations of the complaint as true, the question is whether the defendants' purported knowledge that Plaintiff's educational records in his prison file were erroneous, and refusal to do anything about it, constitute a violation of a constitutional right. Plaintiff's complaint alleges that the defendants' actions and inactions

> caused substantial discomfort and conflict between Plaintiff and MOCC staff members, in Plaintiff's effort to protect his liberty interest. His Sixth Amendment Right to Due Process of Law, where he has been denied a

6

> fair opportunity to redress his grievance concerning the said false information against him, which at this time has affected his prison treatment, custody requirements, and ultimately will effect [sic; affect] his parole eligibility if not corrected. Moreover, Plaintiff's Equal Protection and Due Process Rights are currently being violated by Defendants, especially Defendant # 6 Kathryn Toler, who continues to engage in retaliatory type treatment against Plaintiff for attempting to redress his grievances.

(# 1, ¶ 10, at 3-4.)

In Gilmore v. Bostic, 636 F. Supp.2d 496 (S.D. W. Va. Mar. 27, 2009), the Hon. John T. Copenhaver, Jr. addressed the issue of whether prison officials' refusal to correct false information in an inmate's prison file, resulting in denial of parole, stated a claim under § 1983. He ruled that "West Virginia law does not create a federal liberty interest in parole release . . . . The plaintiff, accordingly, does not state a claim of constitutional significance under the United States Constitution." 636 F. Supp.2d at 508.

The court notes that Plaintiff has a significantly weaker case than the plaintiff in Gilmore, who may have been denied parole on the basis of the information in his prison file. Plaintiff here suggests that the purportedly false information may affect his parole eligibility in the future. The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to allege facts which, if true, show that the prison officials' conduct violated Plaintiff's federal constitutional rights.

7

## Supervisory Liability

The doctrine of *respondeat superior*[1] has no application in civil rights cases filed pursuant to 42 U.S.C. § 1983.  Love-Lane v. Martin, 355 F.3d 766, 782-83 (4th Cir. 2004); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).  Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff has failed to allege a constitutional injury; thus the undersigned proposes that the presiding District Judge **FIND** that Plaintiff cannot show a basis for supervisory liability.

## Supplemental Jurisdiction

Plaintiff has included a state law claim of libel.  Title 28, United States Code, Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over state law

---

[1] "Let the master answer.  This maxim means that a master is liable in certain cases for the wrongful acts of his servant, and a principal for those of his agent."  Black's Law Dictionary, rev. 4th ed. at 1475 (1968).

claims if "the district court has dismissed all claims over which it has original jurisdiction . . .." The undersigned proposes that the presiding District Judge **FIND** that it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state law claim of libel.

## Other Defenses

In light of the proposed findings set forth above, it is not necessary to address the remaining grounds raised by Defendants.

## Recommendation

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss as supplemented (## 14, 18) be granted for the reason that Plaintiff's complaint fails to state a claim upon which relief may be granted, and the defendants are entitled to qualified immunity because Plaintiff has not pleaded violation of a constitutional right. It is further **RECOMMENDED** that counts one and two of Plaintiff's complaint be dismissed with prejudice and count three (libel) be dismissed without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing counsel and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

<u>December 9, 2009</u>
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge